IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLIE SCOTT,

        Plaintiff

VS.

VAN PEAVY, *et al.*,

        Defendants

NO. 5:06-CV-42 (CWH)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

Before the court are the defendants' motion seeking summary judgment against plaintiff CHARLIE SCOTT in the above-styled case. Tabs #18 and #22. On September 29, 2006 and October 4, 2006, the undersigned notified plaintiff Scott that motions for summary judgment had been filed against him and ordered him to file a response to the motions within thirty days of the orders. Tabs #21 and #25. The plaintiff failed to respond to the defendants' motions. However, it is the obligation of the court to ensure that the standards for summary judgment are met before judgment may be entered.

**SUMMARY JUDGMENT STANDARD**

As previously indicated to the plaintiff in the court's notice (Tab #44), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff Scott has failed to respond to defendant's motion for summary judgment despite specific direction from the court to do so. Thus, the only evidence before the court is found in the attachments to defendant Van Peavy's Motion for Summary Judgment consisting of portions of the deposition of plaintiff Scott, the affidavit of Melanie Davis, Administrator in the Dooly County Sheriff's Office, and exhibits of court documents relating to plaintiff's original criminal conviction in Dooly County and the petition seeking revocation of probation in that case. None of this evidence has been refuted or controverted by plaintiff Scott. Accordingly, the undersigned finds the facts as set forth by the defendants in their Statements of Undisputed Material Facts and further finds that there is no genuine dispute on any issue. *See* Tabs #20 and #24.

Plaintiff Scott alleges that (1) both defendants caused Scott to be falsely imprisoned; (2) defendant Peavy violated Scott's civil rights – specifically by not bringing him before a judge within 72 hours of his arrest; and (3) Misdemeanor Probation Services, LLC was derelict in its duties to provide accurate information to the court and was deliberately indifferent to the consequences of its actions. Scott also alleges that Peavy violated his duty to ensure that Scott was not detained in jail without proper process. As noted above, however, Scott has produced absolutely NO EVIDENCE OR LAW in support of his contentions.

## FALSE IMPRISONMENT AND VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty. O.C.G.A. §51-7-20. Under Georgia law, the essential elements of a false imprisonment claim are the detention and the unlawfulness thereof. **Bunyon v. Burke County**, 285 F.Supp.2d 1310 (2003). In the case at bar, plaintiff Scott contends that his detention was unlawful because he was not taken before a judicial officer within 72 hours as required by Georgia law. He blames both defendant Sheriff Van Peavy and defendant Misdemeanor Probation Services for falsely imprisoning him.

O.C.G.A. §17-4-26 provides:

> Every law enforcement officer *arresting* under a warrant shall exercise reasonable diligence in bringing the person arrested before the judicial officer authorized to examine, commit, or receive bail and in any event to present the person arrested before a committing judicial officer within 72 hours after arrest. The accused shall be notified as to when and where the commitment hearing is to be held. An arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released. (Emphasis added).

It is undisputed that plaintiff Scott was taken into custody in Tallahassee, Florida on a WARRANT FOR ARREST OF PROBATIONER issued by Superior Court Judge Whitfield R. Forrester on February 8, 1995, after plaintiff failed to report to his probation officer following sentencing on the misdemeanor offense of possession of marijuana. (Plaintiff apparently never complied with any of the requirements of the sentence of probation imposed upon him by Judge Forrester).

Plaintiff has sued Van Peavy, Sheriff of Dooly County, Georgia, as the person whom he contends violated his constitutional rights by not bringing him before a judicial officer within 72 hours of his arrest. However, it is clear from the evidence before the court that plaintiff *was* brought before a judicial officer in Tallahassee, Florida at the time of his arrest and that he waived extradition on November 4, 2003. The Waiver of Extradition establishes that plaintiff personally appeared before the judge in Leon County, Florida, that plaintiff was advised of his legal rights, and that he freely and voluntarily executed a Waiver of Extradition. Plaintiff was thereafter turned over to Dooly County authorities, taken to Dooly County, Georgia, and booked in the Dooly County Justice Center on November 18, 2003 for violation of probation. He was not released from custody until February 6, 2004, by order of Judge Forrester

It thus clearly appears that Sheriff Peavy was not the officer who actually arrested plaintiff Scott; i.e., plaintiff was "arrested" in Leon County, Florida on the Georgia warrant. O.C.G.A. §17-4-26 places the duty and responsibility upon only the *arresting officer* to bring "the person arrested before the judicial officer authorized to examine, commit, or receive bail." Such was done in Leon County, Florida. The Waiver of Extradition signed by plaintiff Scott directed that plaintiff Scott be held without bail and delivered to the appropriate [law enforcement] agents of the State of Georgia. Thus, at his appearance before a judge in Florida, all issues contemplated to be addressed by O.C.G.A. §17-4-26 — advice of charges and legal rights and bail — appear to have been addressed immediately following plaintiff's being taken into custody in Florida on Judge Forrester's warrant.[1]

Accordingly, the undersigned finds that defendant Peavy who was not the arresting officer had no obligation under O.C.G.A. §17-4-26 to bring plaintiff before a judicial officer.[2] Evidence presented to the court establishes, however, that Sheriff Peavy as the custodian of plaintiff Scott advised prosecution, probation and court authorities on numerous occasions that plaintiff was in custody, but there is no indication that he was ever directed to produce plaintiff in court for consideration of the allegations made against him by his probation officer. It appears that the sheriff did all required of him by the law and that he cannot be held accountable to plaintiff for any delay in having his day in court. Defendant Peavy's Motion for Summary Judgment is therefore GRANTED.

Finally, the plaintiff's claims regarding Misdemeanor Probation Services are entirely without merit. Misdemeanor Probation Services has provided evidence that its employees had no knowledge of Scott's probation until February 2, 2004, one day after which Christopher Green, the supervisor of Misdemeanor Probation Services, prepared a Modification Order recommending that Scott's

---

[1] Judge Forrester's Warrant for Arrest itself provided for bail in the amount of $975.50.

[2] Evidence before the court establishes that plaintiff Scott never met and would not even recognize Sheriff Peavy. Plaintiff's depo., pp.66-67.

probation be closed and that Scott be released from jail based on time served. That order was executed on February 3, 2004, and Scott was released from custody within three days after that order went entered. Such a factual situation does not evidence support for any claim of violation of plaintiff's constitutional rights by Misdemeanor Probation Services. Accordingly, summary judgment is GRANTED to Misdemeanor Probation Services.

**CONCLUSION**

Based on the above analysis, the defendants' **MOTIONS FOR SUMMARY JUDGMENT** are **GRANTED**.

SO ORDERED this 28th day of September, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE